IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 15-5007-02-CR-SW-SRB |
| vs. | ) | |
| KENDRA K. BRITTEN, | ) | |
| Defendant. | ) | |

## DEFENDANT KENDRA K. BRITTEN'S SENTENCING MEMORANDUM AND REQUEST FOR THE COURT TO CONSIDER A DOWNWARD VARIANCE

Comes now the undersigned, CJA appointed attorney for Defendant Kendra K. Britten, and files Defendant's sentencing memorandum as follows:

1. Objection to the five-point enhancement on paragraph 23 of the PSIR per 2G2.2(b)(3)(B).

    As stated in the addendum to the report, objection was made because the application note 1 contemplates that a "thing of value" is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received. The undersigned's review of the extensive government's discovery revealed nothing to show there was an "exchange" of materials bartered for the material received.

The probation officer's response in the addendum was to cite to the case of *United States v. Griffin*, 483 (sic) F.3d 108 (sic) (8th Cir. 2007). Please note that the correct cite is *United States v. Griffin*, 482 F.3d 1008 (8th Cir. 2007). The probation officer is correct that the *Griffin* court did find that due to the facts in that case, that the five-point enhancement was not error due to Griffin's knowledge of the file-sharing system employed in that case. However, subsequent Eighth Circuit cases have explained that the five-level enhancement does not apply automatically merely because there was an installed file-sharing software on the computer.

In *United States v. Ultsch*, 578 F.3d 827, 830 (8th Cir. 2009), defendant claimed on appeal that the five-point enhancement was error. The Court, after noting the holding in the *Griffin* case (the case cited by the probation officer in the PSIR), noted that "…Griffin did not call for automatic application of the enhancement 'based merely on a defendant's installation of file-sharing software… and 'whether a defendant qualifies for the five-level enhancement must be decided on a case-by-case basis, with the government bearing the burden of proving that the defendant expected to receive a thing of value' when he used the file-sharing software." (See *United States v. Esqueda*, No. 14-2857 (8th Cir. 2015) to the same effect).

In *Griffin*, the evidence showed that defendant was a sophisticated computer user – that is not the case with Ms. Britten. For example:

    a. Ms. Britten is the one who brought the computer to the police department in the first place (PSIR p.3, paragraph 4).

    b. The file-sharing program that was on the computer showed that the images and videos were located under the user account of

"Andy," a shortened version of the co-defendant's middle name, Andrew. (PSIR p. 3, paragraph 5). Defendant would suggest that this indicates that the codefendant is the one who actually downloaded the material.

   c. The undersigned would respectfully suggest to the Court that the five-point enhancement should not be applied when considered on a case-by-case determination.

2. The Title 18 U.S.C. section 3553(a) factors to be considered:
   a. The nature and circumstances of the offense and the history and characteristics of Ms. Britten.

   Ms. Britten has entered a plea of guilty to receipt of child pornography and accepted responsibility for that offense (PSIR p. 7, paragraphs 33 & 34).

   Ms. Britten entered a plea of guilty (not only because she was guilty) but also because she would never put her daughter in the traumatic and horrific situation of having to testify at a trial.

   There is now pending in the State of Oklahoma, a petition to terminate Ms. Britten's rights as to her two daughters; the undersigned has confirmed with her Oklahoma attorney that she had directed him to not contest that termination of rights because she is of the opinion that that is in the best interests of her two daughters.

   Ms. Britten wanted the Court to know that she realizes the crime she committed was a serious crime and that she wishes she could undo what she did but cannot.

3

Ms. Britten has a good support system consisting of her brother Aaron Trone, brother in law Daniel Trone, her stepsister Mandy Harris, her Aunt Carolyn Trone, her stepdad Skip Harris, her Uncle Steve Taylor, and most of all her mother, Cecilia Harris. These family members will be there for her for support after she is released from custody in this case. Ms. Britten is a 34 year old woman (page 2 PSIR) with a zero criminal history score (PSIR p. 7, paragraph 39) and with no "other Criminal Conduct (PSIR p. 7, paragraph 41), and no pending charges (PSIR p. 7, paragraph 42).

b. The need for the sentence imposed:
1. To reflect the seriousness of the offense, to promote respect for the law and to provide a just punishment for the offense.

    The maximum sentence in this case is 240 months (PSIR p. 10, paragraph 60).

    Pursuant to the plea agreement, defendant can request that this court consider a sentence of 120 months (10 years). (PSIR p.3, paragraph 2).

    I note for the Court's consideration the document filed by codefendant's counsel which indicates that the sentencing commission's statistics show that the median sentence for 2015 for child pornography cases was 96 months (Exhibit 1 attached hereto). This is a serious offense and Ms. Britten fully realizes it is. The undersigned suggests to the Court that a 120 month sentence (for a defendant who is 34 years old and has no prior criminal convictions)

4

Case 3:15-cr-05007-SRB    Document 68    Filed 04/15/16    Page 4 of 7

not only promotes respect for the law but also provides a just punishment.

2. To afford adequate deterrence to criminal conduct.

   Not only will a 120 month sentence more than adequately deter Ms. Britten from any future criminal conduct (she would be approximately 43 years old when released from her sentence) but this sentence would also send a loud and clear message to deter others knowing that a 10 year sentence was given to a first-time offender.

3. To protect the public from further crimes of the defendant.

   Needless to say, even with good time credit, the public will never see Ms. Britten for at least nine-plus years.

4. To provide defendant with needed educational or vocational training or other correctional treatment in the most effective manner.

   Ms. Britten is fully aware that she faces a lengthy prison term. Her goals while in prison are to conscientiously attend and complete the sexual offender treatment program to rid her of any inclination in the future with regard to child porn – she's seen her last and will never see it again.

   Ms. Britten wants the Court to know that at the time she was viewing the child porn, she did not fully appreciate the impact those videos had and continue to have on those young victims. After reading the victim impact letters in this case, Ms. Britten realizes the continuing pain and suffering those child victims have since those videos are still out there on the internet.

5

Another goal Ms. Britten has while in prison is to hopefully be placed in a facility that not only provides the sex offender treatment program, but also to avail herself of any other educational or training opportunities so that when she is released from prison, she will have additional job skills to help her be a productive member of society.

5. Ms. Britten respectfully requests the Court to recommend to the BOP she be placed at the Carswell Texas facility which not only has the sex offender treatment program but also other training programs.

6. Ms. Britten wanted the Court to know that upon release from her prison sentence, her home plan is to live with her mother, Cecilia Harris, at Ms. Harris' home at 4516 Seagull Drive, #420, New Port Richey, Florida 34652 – Ms. Britten has decided it would be best for all concerned if she lived in Florida, thus no chance to even inadvertently have contact with her two daughters.

WHEREFORE, Defendant prays that the Court consider a downward variance and sentence her to a term of 120 months.

Respectfully submitted,

   /s/ Robert D. Lewis
Robert D. Lewis
MO Bar No. 26287
435 East Walnut Street
Springfield, MO 65806
417-849-9834
FAX: 417-864-7000
bobalew003@yahoo.com
Attorney for Defendant

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed on April 15, 2016 with the CM/ECF system which notified all interested parties.

_/s/ Robert D. Lewis_